Filed 8/1/16  P. v. Rosas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042929 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS001023A) |
| v. | |
| ROBERT ROSAS, | |
| Defendant and Appellant. | |

On April 7, 2000, defendant Robert Rosas was convicted of one count of unauthorized possession of drugs or alcoholic beverages in prison (Pen. Code, § 4573.8), and the court found true a prior strike allegation.  (*Id.*, § 1170.12, subd. (c)(1).)  The trial court denied a motion to dismiss the strike prior and sentenced defendant to 32 months in prison.[1]

On May 27, 2015, defendant filed a petition for resentencing pursuant to Penal Code section 1170.18, subdivision (a).  The district attorney opposed the petition, contending that defendant's conviction for Penal Code section 4573.8 is ineligible under the statute.  On September 23, 2015, the court denied the petition, finding the offense ineligible for the requested relief.  Defendant filed a timely notice of appeal on October 16, 2015.

On appeal, we appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496

---

[1] We affirmed the conviction in *People v. Rosas* (Apr. 23, 2001, H022183 [nonpub. opn]).

(*Serrano*), which states the case and the facts but raises no specific issues. Pursuant to *Serrano*, on April 11, 2016, we notified defendant of his right to submit written argument in his own behalf within 30 days. On April 26, 2016, we received defendant's supplemental brief. In his brief defendant contends the trial court failed to exercise its discretion "to strike the prior conviction in the interests of justice and in view of the expressed Legislative intent to reduce the sentences of those prisoners who do not pose a current risk of danger to the community if released on parole." However the trial court has neither the discretion nor duty to evaluate defendant's danger to public safety unless it first finds that the petitioner was convicted of an offense eligible for resentencing under the statute. (Pen. Code, § 1170.18, subds. (a) & (b).) Further, Penal Code section 1170.18 does not authorize a trial court to reconsider a motion to dismiss a prior strike, brought pursuant to Penal Code section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, which it previously denied. The trial court lacks the discretion to do so once the case is final, whether the offense is eligible for resentencing under the statute or not. As the underlying conviction is long final, nothing in defendant's supplemental brief raises an arguable issue on appeal from an order denying his petition, we must dismiss the appeal. (*Serrano*, *supra*, at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
                    Premo, Acting P.J.

WE CONCUR:

_____
        Elia, J.

_____
        Bamattre-Manoukian, J.